UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-61345 -DIMITROULEAS/SNOW

FIFTH THIRD BANK, an Ohio banking corporation,

      Plaintiff,

v.

LADY SARA, LTD., a Cayman Islands Exempted Company, STEVEN M. MARIANO, an individual, STEVEN M. MARIANO, AS TRUSTEE OF THE STEVEN M. MARIANO DECLARATION OF TRUST U/A/D JANUARY 25, 2008, AS SUBSEQUENTLY AMENDED AND RESTATED ON AUGUST 24, 2009, a Florida Entity, GUARANTEE INSURANCE GROUP, INC., a Delaware Corporation, LADY LINDA 187 LLC, a Cayman Islands Exempted Company and DOUGLAS VON ALLMEN, an individual, and THE LADY SARA, a 2012 "Trinity 187 foot motor yacht, together with her engines, equipment, machinery, apparatus, rigging, dinghies, furniture and appurtenances, etc. including, without limitation, a 39 foot Nor-Tech center console tender boat, *in rem*,

      Defendants.
_____/

**JOINT MOTION FOR ENTRY OF AGREED ORDER
APPROVING AND ADOPTING SETTLEMENT
<u>STIPULATION AND SEALING SAME</u>**

Plaintiff, Fifth Third Bank ("Fifth Third" or the "Plaintiff"), and Defendants, Lady Sara, LTD ("Lady Sara"), Steven M. Mariano ("Mariano"), Steven M. Mariano, As Trustee Of The Steven M. Mariano Declaration Of Trust U/A/D January 25, 2008, As Subsequently Amended And Restated On August 24, 2009 ("Trust"), Guarantee Insurance Group, Inc. ("GIG"), THE

1

LADY SARA, a 2012 "Trinity 187 foot motor yacht, together with her engines, equipment, machinery, apparatus, rigging, dinghies, furniture and appurtenances, etc. including, without limitation, a 39 foot Nor-Tech center console tender boat, *in rem* ("Vessel")(Lady Sara, Mariano, Trust, GIG and Vessel are collectively referred to as the "Mariano Defendants"),[1] jointly move for the entry of an Agreed Order ("Agreed Order") (1) approving and adopting the terms of a Stipulation for Settlement entered into by Fifth Third and the Mariano Defendants ("Settlement Stipulation") and, (2) due to confidential nature of many of the terms of the Settlement Stipulation, sealing the Settlement Stipulation, which contains confidential settlement terms and other commercially sensitive information, until further order of the Court. In support, Fifth Third and the Mariano Defendants state:

## PROCEDURAL BACKGROUND

1. On July 7, 2017, Fifth Third filed an eight-count Complaint against the Mariano Defendants and other defendants for breach of certain loan documents and to foreclose upon collateral subject to various security agreements and guarantees, as more fully defined in the Complaint.

2. Prior to and following the filing of the Complaint, and during the course of the litigation of this matter to date, the parties have engaged in ongoing, extensive settlement negotiations.

3. In furtherance of these negotiations, the parties have entered in the Settlement Stipulation, a copy of which is being filed simultaneously under seal, which resolves all of the claims asserted by Fifth Third against the Mariano Defendants and all of the Mariano

---

[1] Fifth Third and Defendants, Lady Linda 187 LLC ("Lady Linda") and Douglas Von Allmen ("Von Allmen")(Lady Linda and Von Allmen are collectively referred to as the "Von Allmen Defendants"), have separately resolved Fifth Third's claims against the Von Allmen Defendants and will be filing a stipulation with Court documenting same and allowing entry of a Final Judgment in Fifth Third's favor against the Von Allmen Defendants shortly. Accordingly, the Von Allmen Defendants are not parties to this motion.

114066413.v1

Defendants' defenses to Fifth Third's claims.

4. Fifth Third and the Mariano Defendants request the Court enter an Agreed Order approving and adopting the terms of the Settlement Stipulation and retaining jurisdiction over this matter to enforce the terms of the Settlement Stipulation.

5. Further, Fifth Third and the Mariano Defendants request that, pursuant to the terms of the Agreed Order, the Settlement Stipulation be sealed to protect the confidential terms of the Settlement Stipulation.

## LEGAL ARGUMENT

### A. Legal Standard

There is a common law right of access to judicial proceedings. *Chicago Tribune Co. v. Bridgestone Tire, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2006). This right of access, however, is by no means absolute, as it may be overcome by a showing of good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). To determine whether a party has met this burden, the Court must balance the right of access against the party's interest in keeping the information confidential. *See Romero*, 480 F.3d at 1246. The Eleventh Circuit has instructed:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

114066413.v1

### B. Good Cause Exists to Seal

If made public, the Settlement Stipulation would provide outside entities with information Fifth Third and the Mariano Defendants consider commercially sensitive and that could harm the Mariano Defendants' ability to perform the terms of the Settlement Stipulation.

Applying the Eleventh Circuit's balancing test, good cause exists to seal the Settlement Stipulation. The likelihood of injury to Fifth Third and the Mariano Defendants if the Settlement Stipulation is placed into the public domain is great, and filing it under seal would protect its confidential information from unnecessary exposure. Further, the information contained in the Settlement Stipulation is not related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the Settlement Stipulation that would ensure its contents remain confidential. *See Romero*, 480 F.3d at 1246.

Courts have found good cause exists to seal documents and court filings containing confidential financial information and/or confidential agreements. For example, in *Graphic Packaging, Int'l v. C.W. Zumbiel*, No. 3:10–cv–891, 2010 WL 6790538, at *1 (M.D.Fla. Oct.28, 2010), the court held that good cause existed to seal plaintiff's entire motion for preliminary injunction (1) because it included financial information that could negatively impact plaintiff's pricing with other customers, and (2) to prevent the disclosure of the terms of a confidential agreement. *See Graphic Packaging, Int'l*, No. 3:10–cv–891, 2010 WL 6790538, at *1. Applying the Eleventh Circuit's balancing test, the court held that the plaintiff's "interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh[ed] the public's interest in accessing the documents." *Id.* at *2; *see also MEDai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-378GJK, 2012 WL 2512007, at *2 (M.D. Fla. Jun. 29, 2012) ("courts have found that 'a company's interest in the privacy of its financial

records and the terms of confidential agreements ... often outweigh the public right of access.'") (internal citations omitted).

Balancing the likelihood of harm to Fifth Third and the Mariano Defendants, and potential negative impact on the Mariano Defendants' ability to complete its obligations under the Settlement Stipulation against the lack of any real public interest in the information, good cause exists to seal the Settlement Stipulation.

Pursuant to Rule 7.1(a)(2), Local Rules of the United States District Court for the Southern District of Florida, a proposed Agreed Order adopting and approving the Settlement Stipulation and sealing the Settlement Stipulation is attached for the Court's convenience as Exhibit "A," and a copy will be transmitted to judge's chambers pursuant to Rule 3(I)(6) of the CM/ECF Administrative Procedures of the Southern District of Florida .

WHEREFORE, Plaintiff and the Mariano Defendants respectfully request that this Court enter the Agreed Order approving and adopting the Settlement Stipulation and sealing the Settlement Stipulation.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for the respective parties represent that the parties are in agreement as to the relief requested herein.[2]

Dated: March 5, 2018.

Respectfully submitted,

| | |
|---|---|
| s/ *Merrick L. Gross* | s/ *Russell R. O'Brien* |
| Alan M. Grunspan (FBN 451150) | William R. Scherer (FBN 169454) |
| agrunspan@carltonfields.com | wscherer@conradscherer.com |
| Merrick L. "Rick" Gross (FBN 716677) | Russell R. O'Brien (FBN 84542) |
| mgross@carltonfields.com | robrien@conradscherer.com |
| Niall McLachlan (FBN 59552) | CONRAD & SCHERER, LLP |
| nmclachlan@carltonfields.com | 633 South Federal Hwy |
| CARLTON FIELDS JORDAN BURT, P.A. | Fort Lauderdale, Florida 33301 |
| 100 S.E. Second Street, Suite 4200 | Phone: (954) 847-3305 |
| Miami, Florida 33131 | Fax: (954) 867-7954 |
| Phone: (305) 530-0050 | |
| Fax: (305) 530-0055 | *Attorneys for the Mariano Defendants* |
| | |
| Attorneys for Plaintiff, Fifth Third Bank | |

---

[2] Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida (November 13, 2009), the undersigned counsel for Fifth Third represents to the Court that counsel for the Mariano Defendants has authorized him to affix their electronic signature to this joint motion.

114066413.v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, the foregoing pleading was filed with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case as follows:

William R. Scherer
wscherer@conradscherer.com
Russell R. O'Brien
robrien@conradscherer.com
Conrad & Scherer LLP
633 South Federal Hwy
Fort Lauderdale, Florida 33301
Phone: (954) 847-3305
Fax: (954) 867-7954

*Attorneys for Lady Sara, Ltd., Steven M. Mariano, Guarantee Insurance Group, Inc., Steven M. Mariano, As Trustee Of The Steven M. Mariano Declaration Of Trust U/A/D January 25, 2008, As Subsequently Amended And Restated On August 24, 2009 and THE LADY SARA, a 2012 "Trinity 187 foot motor yacht, together with her engines, equipment, machinery, apparatus, rigging, dinghies, furniture and appurtenances, etc. including, without limitation, a 39 foot Nor-Tech center console tender boat, in rem*

Paul D. Turner, Esq.
pturner@pbyalaw.com
Jonathan Feldman, Esq.
jfeldman@pbyalaw.com
Christopher T. Perre, Esq.
cperre@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
Phone: 954-566-7117
Fax:    954-566-7115

*Attorneys for Defendants Douglas Von Allmen, and Lady Linda 187, LLC*

                                              *s/ Merrick L. Gross*
                                              Merrick L. Gross

114066413.v1